J. W. SNOOK, RESPONDENT, *v.* S. H. H. CLARK, ET AL., RECEIVERS, APPELLANTS.

(Submitted Oct. 8, 1897.   Decided Oct. 25, 1897.)

*Fence Law—Negligence of Railroad Co.—Contributory Negligence.*

1. IN an action to recover damages for cattle killed by a railroad company at a point at which it had not fenced its road as provided by law, claiming that it was impossible to do so because a fence at that point would materially obstruct the highway, the company cannot complain of an instruction to the effect that, if a fence or cattle guard would obstruct the highway, the company was not obliged to maintain one at that point.

2. THE plaintiff was driving the cattle over the only road through the canyon, through which als > the defendant's railroad ran, and at a time other than that at which the regular trains of the defendant passed there; he heard the whistle of the special train, which caused the damage, when it was a quarter of a mile away, and running at the rate of 35 miles per hour; plaintiff did not ride back to stop the train, to do which he would have been obliged to ride along a deep and dangerous cut, but endeavored to drive his cattle off the track; *held*, that the question of contributory negligence having been submitted to the jury, their verdict for the plaintiff was fully supported by the evidence.

3. CONSTITUTION—*Title of Bills*—A law entitled "An act requiring railroad companies to pay for damages to stock," and which provides that railroad companies must fence their track or respond in damages, is not void, because the title does not refer to fences or penalties, under Section 23, Article 5, Constitution, requiring the subject of every bill to be clearly expressed in its title.

*Appeal from District Court, Beaverhead County.   Theodore Brantly, Judge.*

ACTION by J. W. Snook against S. H. H. Clark and others, as receivers of the Oregon Short Line & Utah Northern Rail-

way Company, and the Oregon Short Line & Utah Northern Railway Company. From a judgment in favor of plaintiff, and from an order denying a motion for a new trial, defendants appeal. Affirmed.

Statement of the case by the justice delivering the opinion.

This is an action brought by plaintiff to recover damages on account of the killing of eight head of cattle by a train of cars operated and run on the railroad of which the defendants are receivers, on the 24th day of January, 1895. The record shows that the train which killed the cattle was a special train, and going at the rate of 35 miles an hour; that the cattle were killed in a canyon known as "Ryan's Canyon," in Beaverhead county, at a place particularly known as "The Point of Rocks." At this point the canyon is narrow, and the railroad and the county road run in very close proximity to each other. The county road is the only traveled one passing through the canyon, and has been used as a county road for a number of years. At the point where the cattle were killed the railroad had not been fenced by the railroad company, nor was there any cattle guard or any other device used to keep stock off the road; and the plaintiff claims that the railroad company was guilty of negligence in not fencing its road at the point where the cattle were killed.

The case was tried to a jury, and a verdict rendered in favor of plaintiff for the sum of $528, for which sum judgment was duly entered. The defendants appeal from the judgment and an order denying a motion for a new trial.

*Sharpstein & Burleigh,* for Appellants.

*Edward Norris* and *Smith & Word,* for Respondents.

PEMBERTON, C. J.—The appellants contend that the evidence is insufficient to justify the verdict.

Under this assignment, counsel for appellants argue that it was impracticable to maintain a fence or cattle guard at the

point where the cattle got on the track of the railroad. It is contended that a fence or cattle guard at this point would materially obstruct the county highway.

The court instructed the jury, in effect, that, if a fence or cattle guard would obstruct the highway, the railroad company was not obliged to maintain a fence or cattle guard at the point in question. We are not certain that the court did not go too far in favor of appellants in this respect, but, if so, the appellants cannot complain. But this matter as to the practicability of a fence or cattle guard was a question of fact, and was submitted to the jury under instructions very favorable to appellants. The jury found on this issue in favor of the plaintiff, and we think the evidence amply supports the finding.

Counsel also contend that the cattle were killed as a result of the contributory negligence of the plaintiff in driving them into the canyon without taking proper steps to avoid coming in collision with the train, that after he knew the train was coming he did nothing to stop it, and that he could have stopped the train before it struck the cattle if he had used proper effort.

But the road plaintiff was driving his cattle over was the only road he could use to get through the canyon. He had a right to use it, and the train was a special. The plaintiff knew the hours when the regular trains passed through the canyon. He had avoided them in selecting his time to drive his cattle by the point of danger. He heard the whistle of the special one quarter of a mile away,—coming at the rate of 35 miles an hour. His cattle were then on the track. He and his son did all they possibly could to get them off the track. It is contended that the plaintiff could have left his cattle, and ridden back to a curve in the road to flag or stop the train. He could have gone only a short distance in the few seconds he would have had to flag the train, and he would have had to ride into and along a deep and dangerous cut to a point where he could have seen the rapidly approaching train. To have done so would, in our judgment, have been an un-

called-for exposure of his life. He did what any prudent man would have done. When he heard the train approaching he and his son went to work with all'their might to get the cattle off the track. The engineer says that, if he had been warned by plaintiff, he might not have killed so many cattle as he did. But it does .not appear from the engineer's evidence that plaintiff was guilty of contributory negligence in not doing what counsel says he ought to have done to stop the train. But this question was submitted to the jury under proper instructions, and we think the evidence fully supports the findings in this respect.

Appellants contend that the act of the legislature under which this suit was brought is unconstitutional, because of a defect in the title. The act is entitled "An act requiring railroad companies to pay for damages to stock." Laws 1891, p. 267. Counsel contends that, as the act is silent as to fences and penalties, the law is inoperative, under Section 23, Article 5, of the Constitution of the state.

This question was passed upon by this court in *State* v. *Bernheim,* 19 Montana 512, 49 Pac. 411. The constitutionality of the law in question was sustained also by this court in *Beckstead* v. *Railway Co.,* 19 Montana 147, 47 Pac. 795. We think there is no merit in the contention that the law is unconstitutional.

From an inspection of the record, we think the court instructed the jury with absolute fairness for the appellants upon every phase and issue of the case, and that the proper result was reached in the trial of the cause.

The judgment and order appealed from are affirmed.

. *Affirmed.*

HUNT and BUCK, JJ., concur.