NORTHERN PAC. EXP. CO. v. METSCHAN.

(Circuit Court of Appeals, Ninth Circuit. October 3, 1898.)

No. 428.

1. STATUTES—SUBJECTS NOT EXPRESSED IN TITLE.
　　The title, "An act to license and regulate insurance business," is insufficient to cover a clause repealing statutes referring to both the insurance and express business, so far as those statutes apply to the express business.

2. SAME—TITLE OF AMENDING ACT.
　　Const. Or. art. 4, § 22, providing that "no act shall ever be revised or amended by mere reference to its title, but the act revised or sections amended shall be set forth and published at full length," refers merely to the body of the act or section, and does not require that an amendment to an existing act have a new title.

3. SAME.
　　Trivial errors in describing the title of the original act, which cannot mislead, will not invalidate the amendatory act.

In Error to the Circuit Court of the United States for the District of Oregon.

This is an action to recover 50 bonds of the city of Portland, in the state of Oregon, known as "Portland Water Bonds," or the value thereof, $70,000, in case delivery cannot be had. The complaint is based upon the provisions of the Oregon statutes for an action in the nature of replevin to recover specific personal property. The complaint states, substantially: That "plaintiff is a corporation duly incorporated, organized, and existing under and by virtue of the laws of the state of Minnesota, and is a citizen of the state of Minnesota, and is engaged in the express business in the state of Oregon.

That the defendant is a citizen and resident of the state of Oregon. That the plaintiff is the owner and is entitled to the immediate possession of fifty bonds of the city of Portland, known as 'Portland Water Bonds,' to wit, numbers 256 to 305, inclusive, each of the face value of $1,000, with interest coupons attached thereto. That the value of the said bonds is $70,000. That the defendant wrongfully and unlawfully detains the said bonds, and keeps possession thereof, within the state and district of Oregon, although plaintiff has frequently demanded the same from the defendant. That the defendant is the duly elected, qualified, and acting state treasurer of the state of Oregon, and that the defendant pretends to have power, by virtue of the said office, to hold the said bonds, and to keep the possession thereof, in order that he may collect and receive certain fees and emoluments allowed to the state treasurer by law for the safe-keeping of bonds and securities required by law to be kept in the custody of the state treasurer, but that in fact [and] in truth he is not empowered by any law to hold or keep possession of the said bonds, or to exact or to collect any fees or emoluments for keeping them. That the said defendant claims that he is entitled to so hold possession of the said bonds as a deposit from plaintiff under and by virtue of sections 1, 2, and 3 of an act of the legislative assembly of the state of Oregon entitled 'An act to amend an act to regulate and tax foreign insurance and express corporations or associations, doing business in this state,' approved October 21, 1864, amended and approved December 19, 1865, and which said section is printed in the compilation of the Miscellaneous Laws of the State of Oregon compiled and annotated by Matthew P. Deady and Lafayette Lane (1872) at page 616 thereof; the same being section 1 of chapter 24 of the Miscellaneous Laws of the State of Oregon. But the plaintiff alleges that the said sections of the said statute have been repealed by section 25 of an act of the legislative assembly of the state of Oregon entitled 'An act to license and regulate insurance business in the state of Oregon,' filed in the office of the secretary of state February 25, 1887, and which is in effect by operation of the constitution of the state of Oregon. That the defendant so holds and keeps possession of the plaintiff's said property without due or any process of law, and in violation of the rights guarantied to the plaintiff by the constitution of the United States. That by reason of the premises the plaintiff is damaged in the sum of seventy thousand dollars ($70,000)." A demurrer was filed by the defendant to this complaint on the ground that the same does not state facts sufficient to constitute a cause of action. The demurrer was sustained, and a judgment entered dismissing the complaint. For the alleged error in sustaining the demurrer and entering the judgment this writ of error is prosecuted.

The act of the legislature of the state of Oregon entitled "An act to regulate and tax foreign insurance, banking, express, and exchange corporations or associations, doing business in this state," approved October 21, 1864, provided, in section 1, that no foreign corporation or association should be permitted to transact the business of life, fire, or marine insurance, brokerage, exchange, or express, within the limits of the state, without first complying with the provisions of section 2 of the act. Section 2 required that every such corporation, before doing the business of life, fire, or marine insurance, or banking, brokerage, exchange, or express, should deposit with the treasurer of the county in which the principal office or agency is located the sum of $50,000. Section 3 required that such deposit should be made in the interest-bearing bonds of the United States, and should be safely kept for the benefit and security of persons transacting business with such corporations or associations in the state, for claims and demands arising out of said business, and should be held and considered specially pledged for such security for such claims and demands. Gen. Laws Or. 1845–1864, compiled and annotated by M. P. Deady (page 745). In 1865 the legislature passed an act entitled "An act to amend an act entitled 'An act to regulate and tax foreign insurance and express corporations or associations doing business in this state,' approved October 21, 1864." This act was approved December 19, 1865. Its purpose appears to have been to exempt life insurance, banking, and exchange corporations from the requirements of the act of 1864; and it sought to accomplish this purpose by omitting from the title of the original

90 F.—6

act the words "banking" and "exchange," and from the body of the statute the words "life," "banking," and "exchange." Another amendment was to require that the deposit should be made in interest-bearing bonds of the United States, "or the bonds of the state of Oregon." Laws 1865, p. 21. By an act approved October 24, 1870, the legislature amended the act of 1864 as amended by the act of 1865. The title of this act is, "An act to amend an act entitled 'An act to regulate and tax foreign insurance and express corporations or associations doing business in this state,' approved October 21, 1864; amended and approved December 19, 1865." The purpose of this amendatory act was to require that the deposit of $50,000 should be made with the treasurer of the state, instead of the treasurer of the county, in which the principal office or agency is located, as provided in the original act. The words "banking" and "exchange" were again omitted from the title of the original act. Laws 1870, p. 46. In 1887 the legislature passed an act entitled "An act to license and regulate insurance business in the state of Oregon." It was provided in section 6 of this act that every foreign corporation, before engaging in the business of fire or marine insurance or express, should deposit with the treasurer of the state the sum of $50,000; and it was further provided that the deposit should be made in interest-bearing bonds of the United States, or the bonds of the state of Oregon, or any municipal, school district, county, or town, bonds, issued by legal authority in the state of Oregon, the market values of which are at or above par. The purpose of this act was to re-enact the statutes in force regulating the insurance and express business, and to so amend the same as to give to the corporations named the privilege of depositing certain bonds of a local character in lieu of national and state bonds, as required by previous acts. It also provided, in section 25, that sections 1, 2, 3, and 16, c. 24, of the Miscellaneous Laws of Oregon, and acts and parts of acts in conflict therewith, should be thereby repealed. Laws 1887, p. 118. The sections repealed were section 1 of the act of 1870, section 3 of the act of 1865, and section 4 of the act of 1864. Section 20, art. 4, of the constitution of the state of Oregon, reads as follows: "Every act shall embrace but one subject, and matters properly connected therewith, which subjects shall be expressed in the title. But if any subject shall be embraced in an act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be expressed in the title." Section 22, art. 4, provides that "no act shall ever be revised or amended by mere reference to its title, but the act revised or section amended shall be set forth and published at full length." Hill's Ann. Laws Or. pp. 90, 91.

Crowley & Grosscup and Carey & Mays, for plaintiff in error.

C. M. Idleman, for defendant in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

MORROW, Circuit Judge, after making the statement of the case as above, delivered the following opinion:

As the provision of section 6 of the act of 1887 relating to express companies is not included in the title of the act, and is not properly connected with the subject of that title, it is clearly void as to express companies, under section 20 of article 4 of the constitution of the state. But the defendant does not base his right upon that provision. His claim is that he has the right to retain the bonds in his possession by virtue of the act of October 21, 1864, amended and approved December 19, 1865, and as further amended by the act approved October 24, 1870. Gen. Laws Or. 1843–72, p. 616, compiled and annotated by Matthew P. Deady and Lafayette Lane. The plaintiff claims that this statute was expressly repealed by section 25 of the act of 1887, providing for the repeal of sections 1, 2, 3, and 16, c. 24, of the Miscellaneous Laws of Oregon. It is conceded that such

was the purpose of section 25, but it is contended that, as the subject of such repeal was not expressed in the title of the act of 1887, the section is ineffective to accomplish that purpose.    The constitutional requirement that every act shall embrace but one subject, which must be expressed in the title, is not violated by an omission to mention in the title of an act, relating to a single subject, the repeal of prior acts inconsistent with the new enactment, if the repealing clause is also confined to repealing statutes relating to that one subject; but when the repealing clause departs from the subject embraced in the title of the act, and purports to repeal a statute relating to a subject not indicated by such title, it comes within the prohibition of the constitution, and must be treated as void and of no effect as to the subject not mentioned in the title.    The title of the act of 1887 is, "An act to license and regulate insurance business in the state of Oregon." This title embraces but one subject, and relates to a particular class of business.    It does not purport to regulate the express business, or to in any way legislate upon that subject; and when, therefore, we find in the body of the statute the express business made subject to the same regulations as the insurance business, we are compelled to treat such legislation as unconstitutional and void.    This proposition is, however, not in controversy in this case.    The substantial contention of the plaintiff is that the act of 1887 is a new statute covering the whole subject embraced within the provisions of the previous acts, and that, to give effect to the legislative intent, the repealing section must necessarily include the acts repealed.    But this is not a question of legislative intent.    If it were, we would be compelled to give effect to the entire statute, and hold that foreign corporations engaged in the express business are as much subject to the provisions of the act as those engaged in the insurance business. Nor does the question of validity relate to any particular part of the act of the legislature.    The question is, does the act embrace a subject not expressed in the title?    If it does, so much of the act as relates to that subject is void, whether it is found in the body of the act, or in the repealing clause.    In the act under consideration, the title relates only to the insurance business; but in the body of the act the express business is also included and regulated, and in the repealing clause statutes are repealed which refer to and govern the express business as well as the insurance business.    Under the constitutional provision referred to, it is plainly the duty of the court to declare so much of this statute as relates to the express business unconstitutional and void.

The second proposition of the plaintiff in error is that the law under which the defendant claims the right to hold the bonds in question has no validity because it was never properly adopted.    That is to say, the act approved October 24, 1870, was amendatory of previous acts requiring the deposit to be made with the county treasurer, instead of with the state treasurer, and the amendatory act requiring the deposit to be made with the treasurer of the state failed because it did not properly describe the act amended.    The first act was approved October 21, 1864, and was entitled "An act to regulate and tax foreign insurance, banking, express and exchange corporations or associations.

doing business in this state." The second act was approved December 19, 1865, and was entitled "An act to amend an act entitled 'An act to regulate and tax foreign insurance and express corporations or associations doing business in this state.'" The act of 1870 is entitled "An act to amend an act to regulate and tax foreign insurance and express corporations doing business in this state, approved October 21, 1864; amended and approved December 19, 1865." The first amendatory act, in reciting the title of the original act of 1864, omits the words "banking" and "exchange," as contained in the latter act; and it is claimed by the plaintiff that by this omission the origina. act was not sufficiently described. It is also claimed that the act of 1870 is void for the same reason, and also because the title purports to amend an act which has already been suspended. The words "banking" and "exchange" appear to have been omitted from the title of the original act as recited in the amendatory act for the purpose of making the entire statute, including the title, read as it was intended to stand after it was amended. Possibly this treatment of the title of the original statute was supposed to be in accordance with the requirements of the constitution, that "no act shall ever be revised or amended by mere reference to its title, but the act revised or section amended shall be set forth and published at full length." Const. Or. art. 4, § 22. It has been generally understood that this provision refers to the body of the act or section, and that an amendment to an existing act requires no new title. Oregon v. Phenline, 16 Or. 107, 109, 17 Pac. 572.

The reference to the title of the original act was therefore not accurate, but it was not such an error as was calculated to mislead the reader as to the purpose of the amendment. Trivial errors in describing the title of the original act, which cannot mislead, will not invalidate the amendatory act. People v. Howard, 73 Mich. 10, 40 N. W. 789.

This statute, as amended by the act of 1865 and by the act of 1870, appears to have been set forth and published as required by the constitutional provision. Laws 1870, p. 46, and Gen. Laws Or. 1843-72, p. 616, compiled and annotated by Matthew P. Deady and Lafayette Lane. This was sufficient, and disposes of plaintiff's objections to both amendatory acts. Oregon v. Phenline, supra. The judgment of the circuit court is affirmed, with costs.