Argued 25 July; decided 15 August, 1900.

### STATE EX REL. *v.* MOORE.

[ 62 Pac. 26.]

DISTRICT ATTORNEY'S FEES IN DIVORCE CASES—REPEAL BY IMPLICATION.

1.  The requirement of Section 1074, Hill's Ann. Laws, that the plaintiff in every divorce suit shall pay a stated fee to the district attorney, is not affected by the acts of 1895 or 1899 relating to the fees of certain named officers, for neither the district attorney, his fees nor his duties are referred to therein.

DISTRICT ATTORNEY'S FEES—IMPLIED REPEAL.

2.  The act of 1898 placing district attorneys on a salary, and providing that the fees, percentages, commissions, and charges then established by law, or in any manner allowed for the performance of any act or duty required of the attorney, except services rendered for or on behalf of the state, or for or on behalf of Multnomah County, for which no charge shall be made, should continue and remain established fees; and that the officers should collect from the person or party for whom services should be rendered, or who might be charged with the payment thereof, did not repeal by implication Section 1074, Hill's Ann. Laws, as the exception in the act of 1898 as to services on behalf of the state was intended to apply to instances in which the district attorney had theretofore been authorized to charge and collect from the state, and not to cases where his fees were to be collected from private parties for whom the services are rendered, or who might have been charged with the payment thereof.

From Multnomah :  ARTHUR L. FRAZIER, Judge.

Mandamus by the State of Oregon, on the relation of Effie Fitzgerald, to compel Dan J. Moore, as Clerk of the Circuit Court for the County of Multnomah, to file a complaint in a divorce case without prepayment of the district attorney's fees provided by Section 1073 of Hill's Ann. Laws.  A demurrer to the writ was sustained, and the proceeding dismissed, whereupon relator appealed.

AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Ulysses Simpson Grant Marquam.*

For respondent there was a brief over the name of *Bernstein & Cohen,* with an oral argument by *Mr. Alex. Bernstein.*

MR. CHIEF JUSTICE BEAN delivered the opinion.

1.  The statute provides that the state shall be deemed a party defendant in any suit for the dissolution of the marriage contract, or to have the same declared void (Hill's Ann. Laws, § 977); that the district attorney shall be allowed a fee of $10 for actually defending the same on behalf of the state (section 1073). And the plaintiff is required by the act of 1878 to deposit such fee with the clerk of the court before the complaint is filed (section 1074). The petitioner claims, however, that the provision of the statute requiring the plaintiff to make such deposit has been repealed by subsequent legislation. In 1895 the legislature passed an act amendatory of an act "to change in part the compensation and mode of payment thereof to the county clerks, recorders of conveyances, clerks of the circuit courts and county courts in the state, and of the sheriffs of the several counties; to repeal certain provisions of the statute providing for the payment of certain fees to said officers, and of trial fees in certain cases; to provide for the payment by parties to appeals, actions, suits and proceedings of certain sums to assist the state and several counties in defraying expenses consequent upon the administration of justice; to provide for the appointment of deputies for the various officers above enumerated in certain cases, and for their compensation, and for the payment to the state and several counties of sums of money and fees paid to said officers by said parties litigant, filed in the

office of the Secretary of State February 22, 1893 :''  Sess.
Laws, 1895, p. 77.  The first seven sections relate to the
salaries of the county clerks, clerks of the circuit and
county courts, recorders of conveyances, and sheriffs of
the several counties of the state, and the manner of their
payment.  By section 8 it is made the duty of the clerks
of the circuit and county courts to exact in advance from
parties litigant in any suit, action or proceeding for the
enforcement of private rights, certain fees, and at the
time such suit, action or proceeding comes on for final
trial or hearing, a certain sum as a trial fee ; and section
9 provides that such sums ''are to be in lieu of all the
fees such parties have heretofore been required to pay to
clerks, sheriffs and all other officials in such matters,
and the trial fee provided for in the preceding section of
this act shall be in lieu of the trial fee such parties were,
prior to the adoption of this act, required by law to pay,
and no such fees or trial fee last referred to, or any other
fee, shall hereafter be exacted from the parties to any
suit, action or proceeding.''  In 1899 the legislature
passed another act (Sess. Laws, 1899, p. 140), ''provid-
ing for the payment of certain fees to the recorders of
conveyances, clerks of the circuit courts and county courts
in the state, and to sheriffs in certain counties, and for
the payment of trial fees, and providing for the payment
to the state and several counties of sums of money and
fees paid to said officers by parties litigant and others ;
and providing for the manner of payment of salary of
county officers.''  Sections 1, 2 and 3 of this act provide
for certain fees to be paid by parties litigant to the sheriff
and clerks of the circuit and county courts in certain coun-
ties, including Multnomah ; and section 4 provides that
the several sums required to be paid by such act ''are to
be in lieu of all the fees such parties have heretofore been
required to pay to clerks, sheriffs and all other officials

in such matters ;   *   *   *   and no other fees than those hereinbefore recited shall hereafter be exacted from the parties to any suit, action or proceeding.''

The contention of the petitioner is that under section 9 of the act of 1895, and section 4 of the act of 1899, no fees can be required or exacted of parties litigant, except such as may be provided for therein. This argument is based upon the provision that the several sums required to be paid shall be in lieu of all the fees the parties have heretofore been required to pay sheriffs, clerks, etc., ''and all other officials in such matters,'' and ''no other fees than those hereinbefore recited shall hereafter be exacted,'' and the court is asked to construe this language to mean and include the district attorney and his fees. It will be observed that such officer is not mentioned in the title or the body of either of the acts in question. The compensation or fees of district attorneys was not the matter under consideration by the legislature at the time of their passage. This is apparent from their titles, which render very important aid in their construction :  *State* v. *Robinson*, 32 Or. 43 (48 Pac. 357). At the time of the passage of the act of 1895 the district attorney was paid chiefly by fees, and to deprive him of his emoluments without mentioning his office, either in the title or body of the act, would not only probably be unconstitutional, under Section 20, Art. IV, of the Constitution, which provides that every act shall embrace but one subject and matters properly connected therewith, which subject shall be expressed in the title (*Singer Mfg. Co.* v. *Graham*, 8 Or. 17, 34 Am. Rep. 572 ;  *Oregon & Wash. Invest. Co.* v. *Rathbun*, 5 Sawy. 32, Fed. Cas. No. 10,555 ;  *Northern Pac. Exp. Co.* v. *Metschan*, 32 C. C. A. 530, 90 Fed. 80), but would be against the generally accepted canons of construction. The natural and reasonable construction to apply to the language used, when taken in connection with the title

and subject-matter, is that the clauses relied upon by the plaintiff were intended to and do apply to the officials named in the title, or others similarly affected and performing a like duty. The evident purpose of the legislature in the passage of the acts of 1895 and 1899 was to deal with the officers named therein, and to provide for the payment by litigants of certain sums, which were to go into the county treasury in lieu of the fees theretofore paid to such officers. The fee required by section 1074 to be paid to the clerk by the plaintiff in a divorce suit is a mere deposit for the district attorney, and not for his own use or that of the county. Under the law as it stood prior to the act of 1898, placing the district attorney upon a salary, he was entitled to such fee as compensation for his services. Since that act the fee still remains, and the district attorney is required to collect it as before, but he must pay it over to the county treasurer for the use and benefit of the county. So we conclude that neither the act of 1895 nor that of 1899 operated to repeal the provisions of section 1074 of the statute, requiring the plaintiff in a divorce proceeding to deposit with the county clerk $10 as a district attorney fee.

2. Again, it is contended that the act of 1898 (Sess. Laws, 1898, p. 7) "to regulate and fix the compensation of the district attorney of the Fourth Judicial District of the State of Oregon, * * * and to require the payment into the county treasury of all fees, percentages, commissions, and charges collected by" him, operated as a repeal of the provision requiring such deposit. This contention is based particularly upon section 8, which reads : "The fees, percentages, commissions, and charges now established by law, or in any manner allowed, for the performance of any act or duty by or required of the district attorney, * * * (except services rendered for or on behalf of the state, or for or on behalf of Mult-

nomah County, for which no charge shall be made), shall continue and remain the established fees, percentages, commissions, and charges for such act or duty, and the respective officers herein named are hereby required to collect from the person or party for whom service may be rendered, or who may be charged with the payment thereof, said fees, percentages, commissions, and charges for such duty performed, or to be performed, as provided by law for the use and benefit of Multnomah County, and said officers shall pay over the same to the county treasurer of Multnomah County on or before the first Monday of each and every month.'' The position of the petitioner is that under this act the district attorney fee in divorce cases is not allowed, for two reasons : First, under the act of 1895, in force at the time of its passage, it was not ''established by law''; and, second, the service performed by the district attorney in such cases is rendered for and on behalf of the state, for which no charge can be made under the act of 1898. The first contention is answered, as already suggested, by the fact that neither the title nor the body of the act of 1895 mentions the office of district attorney, nor was the legislation an attempt to regulate the fees of that office. And the second is, in our opinion, without merit. The act of 1898 expressly provides that the fees then established by law for the performance of any duty by the district attorney shall continue and remain the established fees, and shall be collected by that officer from the person or party for whom the service may be rendered ''or who may be charged with the payment thereof,'' for the use and benefit of Multnomah County, and by him paid over to the treasurer thereof. It is true, the act provides that no charge shall be made for services rendered by the district attorney for or on behalf of the state or of the county. But this provision was intended to apply to instances in

which the district attorney had theretofore been authorized to charge and collect from the state or county, and not to cases where his fees are to be collected from private parties for whom the services are rendered, or "who may be charged with the payment thereof." We are of the opinion, therefore, that the judgment of the court below should be affirmed, and it is so ordered. AFFIRMED.