43  263
50  394
50  396
50  397
50  398

# DECISIONS

OF THE

# Supreme Court of Florida

43    263
54    169

43    263
f59   145

## JUNE TERM, A. D. 1901

THE FLORIDA EAST COAST RAILWAY COMPANY, A COR-
PORATION UNDER THE LAWS OF FLORIDA, PLAIN-
TIFF IN ERROR, VS. JOHN HAZEL, DEFENDANT IN
ERROR.

1. Where the title of an act clearly though briefly expresses the
subject-matter of legislation contained in the body of the
act, and there is nothing in the act which is not properly
connected with such subject-matter, the requirement of sec-
tion 16, Art. III, constitution of 1885, that the subject of an
act of the legislature be briefly expressed in the title is com-
plied with.

2. Courts should not resort to critical or technical construction
of the language of the title of an act, in order to exclude
parts of the body of the act from its purview as being in vio-
lation of the constitutional requirement that the subject of an
act be briefly expressed in the title, nor should the title be
held insufficient to embrace parts of the body of the act un-
less the question be free from doubt.

3. The title of Chapter 4069 act of 1891, is sufficient to sus-
tain the provisions of the body of the act authorizing the re-
covery of double damages and attorneys' fees by owners of
live stock killed or injured by the engines and cars of rail-
way companies failing to fence their tracks as therein re-
quired.

4. Repeals by implication are not favored, and in order that the court may declare that one statute repeals another by implication, it must appear that there is a positive repugnancy between the two, or that the last was clearly intended to prescribe the only rule which should govern the case provided for, or that it revises the subject-matter of the former.

5. The provisions of Chapter 4069 acts of 1891 relating to the recovery of double damages and attorneys' fees for live stock killed by the engines and cars of railroad companies failing to fence their tracks as therein required, were not repealed by section 7, Chap. 4189 acts of 1893.

6. The Supreme Court has no jurisdiction to entertain a motion for the allowance of a reasonable attorney fee for services rendered in behalf of a defendant in error in said court filed in a cause pending in said court upon writ of error from a judgment of a Circuit Court rendered in favor of defendant in error against plaintiff in error for double damages, costs and attorney's fees under Chap. 4069, acts of 1891.

Writ of Error to the Circuit Court for St. John's County.

The facts of the case are stated in the opinion of the Court.

*W. A. MacWilliams,* for Plaintiff in Error.
*Fowler & Fowler,* for Defendant in Error.

Per CURIAM.

It appears from the abstract in this case that the defendant in error instituted suit in the Circuit Court of St. John's county against plaintiff in error to recover double damages and attorneys' fees for the killing of certain live stock, the declaration, filed January 1, 1896, alleging the failure of defendant to fence its tracks as required by Chapter 4069, acts 1891. The company de-

murred to the declaration upon the ground that the act referred to was unconstitutional, which demurrer was overruled. Thereafter it pleaded not guilty. The referee to whom the case was referred, after hearing evidence found for the plaintiff and entered judgment for the sum of one hundred dollars double damages and thirty-five dollars attorneys' fees, besides costs. Motions for a new trial and in arrest of judgment were made and overruled, and the company took writ of error to this court.

The errors assigned relate to the rulings before stated, but the only questions presented and argued in the briefs are as follows: First, whether the provisions authorizing double damages and attorneys' fees in the act referred to are unconstitutional, because of a defect in the title of the act. Second, whether such provisions were repealed by section 7, Chapter 4189, act of 1893.

Chapter 4069 is entitled "An Act Requiring Railroad Companies to Fence their Tracks, and Providing Remedies against them for Failure to do so." The first section requires railroad companies or persons operating railroads in this State to begin within sixty days after the passage of the act to construct a fence on both sides of its line so as to prevent the intrusion of any cattle and horses upon its track except in certain places therein designated. The second section requires the companies or persons to commence to construct such fence within sixty days after the passage of the act, and to continue such construction uninterruptedly until the work is completed, which is required to be done within two years after the approval of the act, and also to erect proper stock guards as provided in the third section. The third section specifies the character of fence and stock guards to be constructed. The

fourth section provides that any railroad company or person owning or operating any railroad in this State failing to fence at least one-twenty-second part of their entire line of road and to provide stock guards as required each and every month after sixty days from the passage of the act shall be liable for double the amount of all damages caused by injury or killing any live stock, cattle or horses by railway engines or cars, and all costs, expenses and reasonable attorneys' fees incurred in collecting same by suit, and a lien is thereby given for the amount of said damages, costs and attorneys' fees upon the railroad line, appurtenances, properties, franchises, machinery and equipments equal in dignity to laborer's liens. It also provides for the recovery of the damages and attorneys' fees and the enforcement of the liens in courts having jurisdiction within twelve months after the presentation of a claim for such damages as is in the statute specified, and in all such suits the burden of proof is declared to be upon the company or person operating the road. The fifth section requires the maintenance of such fences after their construction, and in default thereof the same liability is imposed as in cases where fences are not constructed as required. The sixth section regulates the liability for stock killed while complying with the provisions of the act and also provides that the act shall not apply to log roads.

It is contended that the liability for double damages and attorneys' fees imposed by this act is a *penalty*—that the title of the act does not indicate that *penalties* are imposed, but only that *remedies* are provided, and therefore that the title is misleading and insufficient to sustain the provisions for double damages and attorneys' fees under section 16, Article III, constitution of 1885, that "each

law enacted in the legislature shall embrace but one subject and matter properly connected therewith, which subject shall be briefly expressed in the title." The well settled rule in this as well as other States is that when the title of an act clearly though briefly expresses the subject-matter of the legislation contained in the body of the act, and there is nothing in the act which is not properly connected with such subject-matter, the constituional requirement quoted is complied with. There can be no doubt that under the first clause of the title of this act, to-wit: "an act requiring railroad companies to fence their tracks," it would be competent for the legislature to provide the means for its enforcement, and in doing so to authorize the recovery of double damages and attorneys' fees. Railroad v. Crider, 91 Tenn. 489, 19 S. W. Rep. 618; State v. Bernheim, 19 Mont. 512, 49 Pac. Rep. 441; Snook v. Clark, 20 Mont. 230, 50 Pac. Rep. 718; Missouri Pacific Railway Co. v. Harrelson, 44 Kan. 253, 24 Pac. Rep. 465; Plumb v. Christie, 103 Ga. 686, 30 S. E. Rep. 759, S. C. 42 L. R. A. 181; Burrows v. Delta Transportation Co., 106 Mich. 582, 64 N. W. Rep. 501, S. C. 29, L. R. A. 468. The only question that can arise here is as to the effect of the last clause in this title, to-wit: "and providing remedies against them for failure to do so," it being argued that this clause so restricts the title as to make it misleading with reference to the provisions for double damages and attorneys' fees. There is no doubt that a general title may become restricted by the addition of a provision or provisions thereto (State *ex rel.* Attorney-General v. Burns, 38 Fla. 367, 21 South Rep. 290, and cases cited), but we are of the opinion that the objection made does not apply to the title of the act under consideration. The court is not authorized to declare the

title obnoxious to the constitutional requirement as to
title if the question be a doubtful one. County Commis-
sioners of Duval County v. City of Jacksonville, 36 Fla.
196, 18 South Rep. 339. It is not clear that the word
"remedies" was used in a technical sense in the second
clause of the title, but rather that it was intended by this
clause to assert in a most general way that means were
provided for enforcing the act, without designating
specifically whether these means consisted of the imposi-
tion of liabilities, penalties or otherwise. It certainly does
not exclude the idea that liabilities or penalties are im-
posed for violating the duty declared. The court should
not resort to critical or technical construction of the lan-
guage of the title in order to exclude parts of the body
of the act from its purview. McAunich v. Mississippi
and Missouri Railroad Company, 20 Iowa, 338; Burrows
v. Delta Transportation Co., *supra*. We do not feel auth-
orized to declare that the matter objected to is not prop-
erly connected with the subject-matter embraced in the
title, or that the title is so restricted as to render its inser-
tion improper.

The second question presented is whether the pro-
visions relating to double damages and attorneys' fees in
the act of 1891 were repealed by section 7, Chapter 4189,
act of 1893. That act is entitled "an act to force railroad
companies, other companies and other persons running
cars or trains in this State to post marks, brands,
color and sex of live stock that may be killed
or injured by engines and cars; and to keep a
record, and to provide for the payment of the
same." The first six sections of this act require
certain designated officials and employes of railroads to
make certain reports of the killing or injuring of stock

by the operation of trains, to provide blackboards at depots, and post marks and brands and other description of live stock killed or injured, and making certain omissions connected therewith misdemeanors punishable by fines. The seventh section reads as follows: "The posting of marks and brands shall be *prima facie* evidence of the killing or injuring of stock; and whenever the owner establishes his claim the railroad company shall pay to the owner the full cash market value for such stock. If the owner has to resort to law to collect his claim and judgment should be rendered against the railroad company and they should desire to appeal to a higher court, they must first pay all court costs in the lower court, including plaintiff's lawyers' fee which must in all cases be a reasonable lawyers' fee." The act contains no repealing clause, nor does it anywhere make any reference to the fencing of railroad tracks, but it is contended that the seventh section fixes the amount of recovery by owners of stock killed by the operation of railroads in all cases, whether in consequence of failure to fence their tracks as required by the act of 1891 or otherwise, and therefore by implication repeals so much of the act of 1891 as gave double damages and attorneys' fees. Repeals by implication are not favored, and in order that a court may declare that one statute repeals another by implication it must appear that there is a positive repugnancy between the two or that the last was clearly intened to prescribe the only rule which should govern the case provided for, or that it revises the subject-matter of the former. State *ex rel.* Gonzales v. Palmes, 23 Fla. 620, 3 South. Rep. 171; Mitchell v. Duncan, 7 Fla. 13; State *ex rel.* v. Moore, 37 Oregon, 536, 62 Pac. Rep. 26. The act of 1893 was certainly not a revision of the subject-matter embraced in the act of 1891,

for it makes no reference whatever to fences. Nor can it be contended that there is anything in its language that indicates an intention to change, modify or repeal the fence statute or any of its provisions, and there is no necessary repugnancy between the two acts. The clause "and whenever the owner establishes his claim the railroad company shall pay to the owner the full cash market value for such stock," contains no negative words, nor is there anything in its language indicating an intention to apply the rule it announces to cases arising under the act of 1891. While the language is general it is not exclusive, and we are of opinion that it must be so interpreted as to except the cases provided for by the act of 1891. Frost v. Wenie, 157 U. S. 46, 15 Sup. Ct. Rep. 532; United States v. Greathouse, 166 U. S. 601, 17 Sup. Ct. Rep. 701.

This disposes of all the questions presented, and finding no error the judgment must be affirmed.

In this case a motion has been made in this court for the allowance of an attorney fee in favor of defendant in error for defending the suit in this court, but without reference to the sufficiency of proof here to establish such a claim, we are of opinion that this court has no jurisdiction to entertain such a demand. If he is entitled to attorney fees under the statute for maintaining his judgment in the appellate court, he must first resort to a court having original jurisdiction. Such motion is, therefore, hereby denied.