## IN RE TERRETT.

(No. 2,316.)

(Submitted May 28, 1906. · Decided July 2, 1906.)

*Criminal Law—Forgery—Bounty Certificates—Information—Statutory Construction—Constitution—Habeas Corpus.*

Statutes—Constitutionality—Title—Penalty Clause.
1. A penalty clause may be incorporated in an Act without being designated in its title, and such provision is not in violation of the constitutional inhibition (Constitution, Art. V, sec. 23) that no bill containing more than one subject shall become a law, which subject shall be clearly expressed in the title of the bill.

Statutory Construction—Legislative Intent.
2. In construing a section or sections of a statute, the intention of the legislature is to be gathered from the entire Act, irrespective of its division into sections, made for convenience only.

Bounty Certificates—Forgery—Statutes—Title—Penalty Clause.

3. *Held*, that sections 3078 and 3079 of the Political Code, providing in substance, respectively, that a person falsely making, altering, forging or counterfeiting a bounty certificate shall be guilty of forgery, and that one doing certain acts with relation to such certificates with intent to defraud the state, shall be guilty of a misdemeanor, each section providing penalties, together constitute the penalty clause of the Act entitled "An Act to Provide a Bounty on Certain Stock Destroying Animals and a Fund for the Payment Thereof" (Pol. Code, secs. 3070-3080), and that, since a penalty clause may be incorporated in an Act without being designated in its title, the legislation is not invalid because the provisions of section 3078 were not particularly set out in the title of the statute.

Same—Statutes—Validity—Title—Constitution.

4. Act of March 6, 1903 (Laws 1903, p. 166), amendatory of sections 3070-3073 of the Political Code relative to bounties on certain stock-destroying animals, and which sought to amend section 1124 of the Penal Code, also referring to bounties, but theretofore repealed (Laws 1897, p. 249), while of no effect as to the attempted amendment of repealed section 1124, is valid and not unconstitutional, for the alleged reason that its title contains more than one subject.

Same—Statutes—Validity—Title.

5. The Act of March 6, 1903 (Laws 1903, p. 166), amending sections 3070-3073 of the Political Code relative to bounties on wild animals, and providing for bounty inspectors to examine the hides and issue the certificates, whereas in the former Act the county clerk was the officer to do so, is not invalid, in that it provides an entirely new set of officers to administer the law and therefore is broader than the original Act and broader than its own title—since the provisions of the amendatory Act are germane to the subject treated in the original Act, and under its title any provision could be inserted relative to officers to carry out its provisions which might have been incorporated in the original Act under its title.

Same—Forgery—Statutes—Who may not Raise Questions of Validity.

6. A person appointed to act as bounty inspector under the provisions of Act of March 6, 1903 (Laws 1903, p. 166), and who, while acting as such, was charged with forgery of bounty certificates, he having thus been at least a *de facto* officer, will not be heard to raise the question of the invalidity of the Act on the ground that it imposes duties upon district judges, in the selection of three representative stockgrowers to appoint bounty inspectors, not judicial in character.

Bounty Inspectors—Appointment—Constitution—District Judges.

7. Since bounty inspectors, provision for whose appointment is made in Act of March 6, 1903 (Laws 1903, p. 166), are not officers whose appointment is "otherwise provided for" in the Constitution (Const., Art. VII, sec. 7), the legislature had the power to delegate the selection of three stockgrowers in each county to appoint bounty inspectors to the district judges.

Forgery—Bounty Certificates—Information—Sufficiency.

8. An information which charged that accused feloniously did falsely make, forge and counterfeit a bounty certificate in that, while acting as bounty inspector under Act of 1903 (Laws 1903, p. 166), he made and delivered to a bounty claimant a certificate setting forth that such claimant had exhibited the skins of certain wild animals to him (defendant), had filed the necessary affidavits, and that defendant, as such inspector, had examined and marked the skins as required by law, whereas these precedent conditions to the issuance of the certificate had not been fulfilled, the defendant knowing that the state-

ments so made were false, states a public offense under Political Code, section 3078, which provides that any person who shall falsely make, forge, etc., a bounty certificate shall be guilty of forgery.

Same—Bounty Certificates—Statutes—Information.

9. The offense of forgery charged, under Political Code, section 3078, to have been committed by a bounty inspector in falsely making a bounty certificate, is not committed by making the false statements of fact in the certificate, but by making the certificate when certain conditions precedent to its issuance, with the fulfillment of which he is charged (Laws 1903, p. 166), have not been performed, and does not, therefore, necessarily fall within Penal Code, section 294, which declares that any public officer who makes a certificate containing statements which he knows to be false is guilty of a misdemeanor.

Same—Bounty Certificates—Information—Sufficiency.

10. The crime of forgery charged against a bounty inspector under Political Code, section 3078, is purely statutory, and it is, therefore, not necessary to allege in the information extrinsic facts to show wherein or whereby the certificate charged to have been falsely made might apparently be of legal efficacy or the foundation of a legal liability.

(MR. JUSTICE MILBURN dissenting.)

ORIGINAL application by L. R. Terrett for a writ of *habeas corpus.* Denied.

*Mr. Sydney Sanner, Mr. Geo. W. Farr, Mr. Fred. H. Hathhorn,* and *Mr. F. V. H. Collins,* for Relator.

We contend that section 3078 of the Political Code is unconstitutional, for the reason that the Act of February 26, 1895, of which it forms a part, did not include the subject matter of said section within the title of the Act. It contains more than one subject, to-wit, a provision for a bounty and the penalty clause, and a definition of and provision for the offense of perjury, and a definition of and provision for the offense of forgery. The following authorities disclose that such a condition cannot be permitted under our Constitution: *Montclair* v. *Ramsdell* (1882), 107 U. S. 147-155, 2 Sup. Ct. 391, 27 L. Ed. 431; *Hotchkiss* v. *Marion,* 12 Mont. 218, 29 Pac. 821; *State* v. *Mitchell,* 17 Mont. 67, 42 Pac. 100, and cases; *Jobb* v. *Meagher Co.,* 20 Mont. 424, 51 Pac. 1034, and cases; *State* v. *Anaconda C. M. Co.,* 23 Mont. 498, 59 Pac. 854, and cases; *State* v. *Courtenay,* 27 Mont. 378, 71 Pac. 308, and cases; *Western Ranches* v. *Custer Co.,* 28 Mont. 278, 72 Pac. 659, and cases;

Sutherland on Statutory Construction, secs. 88 and 102; *State* v. *Brown,* 29 Mont. 179, 74 Pac. 366; Cooley's Constitutional Limitations, p. 212; *In re Breen,* 14 Colo. 401, 24 Pac. 3; *In re Snyder,* 108 Mich. 48, 65 N. W. 562; *In re Hauck,* 70 Mich. 396, 38 N. W. 269; *Northwestern Mfg. Co.* v. *Chambers,* 58 Mich. 381, 55 Am. Rep. 693, 25 N. W. 372; *People* v. *Beadle,* 60 Mich. 22, 26 N. W. 800; *In re Wood,* 34 Kan. 645, 9 Pac. 758; *Ex parte Thomason,* 16 Neb. 238, 20 N. W. 312; *Dempsey* v. *State,* 94 Ga. 766, 22 S. E. 57; *Hatfield* v. *Commonwealth,* 120 Pa. St. 395, 403, 14 Atl. 151; *McDuffie* v. *State,* 87 Ga. 687, 13 S. E. 596; *Mayor* v. *Lewis,* 12 Lea, 180; *State* v. *Fields,* 68 S. E. 148, 46 S. E. 771; *State* v. *Tieman,* 32 Wash. 294, 98 Am. St. Rep. 854, 73 Pac. 375; *Walker* v. *State,* 49 Ala. 329; *Lacy* v. *Palmer,* 93 Va. 159, 57 Am. St. Rep. 795, 24 S. E. 930, 31 L. R. A. 822; *Fidelity etc. Co.* v. *Shenandoah etc. R. R. Co.,* 86 Va. 1, 19 Am. St. Rep. 858, 9 S. E. 759; *State* v. *Momland,* 3 N. Dak. 427, 44 Am. St. Rep. 572, 57 N. W. 85; *People* v. *Gadway,* 61 Mich. 285, 1 Am. St. Rep. 578, 28 N. W. 101; *Harris* v. *State,* 110 Ga. 887, 36 S. E. 232; *Burns* v. *State,* 104 Ga. 544, 30 S. E. 815; *Sasser* v. *State,* 99 Ga. 54, 25 S. E. 619; *Hayes* v. *Storms,* 64 N. J. L. 415, 45 Atl. 809; *State ex rel. Henry* v. *MacDonald,* 25 Wash. 122, 64 Pac. 912; *Clark* v. *Board of Commissioners,* 54 Kan. 634, 39 Pac. 225; *State* v. *Silver,* 9 Nev. 227; *Van Hauton* v. *People,* 22 Colo. 55, 43 Pac. 137; *Ryno* v. *State,* 58 N. J. L. 238, 33 Atl. 219; *Ex parte Gayles,* 108 Ala. 514, 19 South. 12; *State* v. *Halbert,* 14 Wash. 305, 44 Pac. 538; *Commonwealth* v. *Hardsell,* 5 Pa. Dist. Ct. Rep. 148; *Commonwealth* v. *Moore,* 4 Pa. Dist. Ct. Rep. 649; *Commonwealth* v. *Lehr,* 16 Pa. Co. Ct. 532; *Commonwealth* v. *Darlington,* 8 Pa. Dist. Ct. Rep. 237; *Winkler* v. *Commonwealth,* 7 Pa. Dist. Ct. Rep. 696; *State* v. *Walker,* 105 La. 492, 29 South. 973; *Commonwealth* v. *Hodusko,* 10 Pa. Dist. Ct. Rep. 230; *State* v. *Davis,* 130 Ala. 148, 89 Am. St. Rep. 23, 30 South. 344.

The Act of March 6, 1903, is unconstitutional and void, because its title expresses more than one subject, and because there are subjects in the body of the Act that are not expressed in the

title. (*Preston* v. *Stover* (Neb.), 97 N. W. 812; *State* v. *Tibbets,* 52 Neb. 228, 66 Am. St. Rep. 492, 71 N. W. 991.)

The imposition of the duty upon the district judge to appoint three representative stockgrowers in each county to appoint bounty inspectors, by section 4 of the Act of 1903 (Laws 1903, p. 166), is a clear intermingling of the departments of government, contrary to the Constitution, and a clear invasion of the integrity of the judicial department as established by the Constitution. (Const., Art. IV, sec. 1, Art. III, sec. 29; *In re Weston,* 28 Mont. 219, 72 Pac. 512; *Schwartz* v. *Dover,* 68 N. J. L. 576, 53 Atl. 214; *Beasley* v. *Ridout,* 94 Md. 641, 52 Atl. 61; *Phelan* v. *San Francisco,* 20 Cal. 40; *Burgoyne* v. *San Francisco,* 5 Cal. 9; *Houseman* v. *Kent, Circuit Judge,* 58 Mich. 364, 25 N. W. 369; *Foreman* v. *Hennepin County,* 64 Minn. 371, 67 N. W. 207; *Van Slyke* v. *Insurance Co.,* 39 Wis. 390, 20 Am. Rep. 50; *State* v. *Noble,* 118 Ind. 350, 10 Am. St. Rep. 143, 4 L. R. A. 101, 21 N. E. 244; *In re Supervisors of Election,* 114 Mass. 247, 19 Am. Rep. 341; *State* v. *Hocker,* 39 Fla. 477, 63 Am. St. Rep. 174, 22 South. 721; Lewis' Sutherland on Statutory Construction, 2d ed., sec. 4; *Heinlen* v. *Sullivan,* 64 Cal. 378, 1 Pac. 158.)

The information charges forgery, and charges that the forgery consisted of certain things which are assertions of falsehoods in the certificate issued by the petitioner. It is admitted that all the signatures are genuine; that the petitioner uttered the certificate; that he was bounty inspector at the time, and that his crime consisted in the statement of matters in said certificate which are not true. This, we submit, cannot be forgery under any provisions of law known to our Code. The making of a false instrument is not forgery. So a man may utter an instrument purporting to be done by authority, it matters not whether such authority be personal or official; when he has no authority, he may be guilty of a breach of trust, but he cannot commit forgery so long as the instrument is over his own hand and is what it purports to be, to-wit, his instrument. (*Mann* v. *People,* 15 Hun, 155, 75 N. Y. 484, 31 Am.

Rep. 482; *State* v. *Young,* 46 N. H. 266, 88 Am. Dec. 212; *People* v. *Bendit,* 111 Cal. 274, 52 Am. St. Rep. 186, 43 Pac. 901, 31 L. R. A. 831; *United States* v. *Wentworth,* 11 Fed. 52; *State* v. *Willson,* 28 Minn. 52, 9 N. W. 28; *State* v. *Corfield,* 46 Kan. 207, 26 Pac. 499; *People* v. *Cole,* 130 Cal. 13, 62 Pac. 274.; *United States* v. *Glasener,* 81 Fed. 566; *United States* v. *Moore,* 60 Fed. 738; *Commonwealth* v. *Baldwin,* 77 Mass. 197, 71 Am. Dec. 703; *State* v. *Taylor,* 46 La. Ann. 1332, 49 Am. St. Rep. 351, 16 South. 190, 25 L. R. A. 591; *United States* v. *Cameron,* 3 Dak. 132, 13 N. W. 561; *Commonwealth* v. *Foster,* 114 Mass. 311, 19 Am. Rep. 353; *Putnam* v. *Sullivan,* 4 Mass. 45, 3 Am. Dec. 208; *People* v. *Underhill,* 142 N. Y. 38, 36 N. E. 1049; *State* v. *Phelps,* 11 Vt. 116, 34 Am. Dec. 672; note to *Arnold* v. *Cost,* 22 Am. Dec. 307; note to *Hendricks* v. *State,* 8 Am. St. Rep. 469; *Regina* v. *White,* 2 Car. & P. 404; *People* v. *Fitch,* 1 Wend. 198, 19 Am. Dec. 477; *Rex* v. *Story,* Russ. & R. 81; *Rex* v. *Arscott,* 6 Car. & P. 408; *Regina* v. *Martin,* 49 L. R. C. C. R. 214; *Dunn's Case,* 1 Leach C. C. 57.)

Even if the Acts above discussed are constitutional, and if the deeds of the petitioner are forgeries as claimed by the state, the information is not sufficient in this: that it does not show how, or in what way, the papers set out in the information are or could be the basis of any liability, or the evidence of anybody's right under the law. (*Territory* v. *De Lana,* 3 Okla. 573, 41 Pac. 618; *State* v. *Evans,* 15 Mont. 539, 48 Am. St. Rep. 701, 39 Pac. 850, 28 L. R. A. 127; Underhill on Evidence, sec. 430.)

*Mr. Albert J. Galen,* Attorney General, *Mr. E. M. Hall,* Assistant Attorney General, and *Mr. John C. Lyndes,* for Respondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

On October 24, 1905, an information was filed in the district court of Rosebud county charging the petitioner, L. R. Terrett,

with the crime of forgery. The petitioner was arrested and confined in the county jail. He thereupon made application to the chief justice of this court for a writ of *habeas corpus,* which writ was issued, and upon the return the matter was argued and submitted to the court.

Two questions only need to be considered: 1. Are the statutes under which the prosecution is conducted valid? 2. Does the information state facts sufficient to constitute a public offense?

1. The particular legislative Acts in question are an Act entitled "An Act to provide a Bounty on certain Stock Destroying Animals and a Fund for the Payment thereof," approved February 26, 1895. The several sections of this Act are printed in the Political Code as sections 3070 to 3080; and an Act of the Eighth Legislative Assembly, entitled "An Act to amend section 1124 of the Penal Code of the State of Montana, and sections 3070, 3071, 3072 and 3073 of the Political Code of the State of Montana relating to Bounties of Wild Animals," approved March 6, 1903. (Session Laws, 1903, p. 166.)

Objection is made to the Act of February 26, 1895, which embraces what is now section 3078 of the Political Code. It is contended that the Act comprehends subjects not expressed in the title of the Act, contrary to the provisions of section 23, Article V, of the Constitution. It must be conceded that a penalty clause may be incorporated in an Act without being designated in the title of the Act, and such provision does not violate the constitutional inhibition. This has been set at rest in this state by the decisions of this court. (*State* v. *Bernheim,* 19 Mont. 512, 49 Pac. 441; *Snook* v. *Clark,* 20 Mont. 230, 50 Pac. 718.)

But it is contended that section 3079 of the Political Code, which was section 10 of the Act of February 26, 1895, above, is in fact the penalty clause of that Act, and that the provisions of section 3078, above, cannot be included in such designation. But the mere division of a legislative Act into sections is a matter of convenience only, and the intention of the legislature is to be gathered from the entire Act, irrespective of such divi-

sion. Sections 3078 and 3079 are clearly intended as the penalty clause of that enactment. Their provisions are clearly intended to cover the various phases of crimes which might be committed with respect to the subject matter of the Act.

It is further claimed that the Act of March 6, 1903, is unconstitutional in that its title contains more than one subject. It will be observed that it seeks to amend section 1124 of the Penal Code, and sections 3070, 3071, 3072 and 3073 of the Political Code. But section 1124 of the Penal Code was repealed by an Act of the Fifth Legislative Assembly, approved March 8, 1897 (Laws 1897, p. 249), so that the attempt made in 1903 to amend a section already repealed was ineffectual, and to that extent the Act of 1903, above, is inoperative. But this does not affect the Act in so far as it relates to certain sections of the Political Code.

It is further contended that the Act of March 6, 1903, is invalid, because the scope of the Act is broader than the Act of February 26, 1895, which it sought to amend, and broader than its own title. This contention is based upon the fact that the Act of 1903 provides for an entirely new set of officers to administer the law—to examine the hides and issue the bounty certificates. The Act of February 26, 1895, designated the county clerk as the officer who should issue the certificate, and that officer and the county treasurer, or in his absence the district clerk, as the officers to examine the skins. The Act of 1903 merely substituted for these officers others, designated "bounty inspectors." The provisions of the amendatory Act are germane to the subject treated in the original Act and under the title of the amendatory Act any alteration by excision, addition or subtraction might have been made, and any provision inserted which might have been incorporated in the original Act under its title. (1 Lewis' Sutherland on Statutory Construction, sec. 137.) The Act of 1903 dealt generally with the subject of bounties on stock destroying animals, and under the title of that Act provision was properly made for officers to carry out its provisions. This is clear upon principle and is

generally recognized by the authorities. (See extensive note to *Crookston* v. *County Commissioners*, 79 Am. St. Rep. 453 (s. c., 79 Minn. 283, 82 N. W. 586), and *State* v. *McKinney*, 29 Mont. 375, 74 Pac. 1095.)

It is also said that the Act of 1903 imposes upon the district judges the duty of appointing persons to select the bounty inspectors, and in so doing imposes duties not judicial in character. But this question cannot be raised by the petitioner here. Whether in a proper case a district judge could be compelled to perform this duty need not be considered. Terrett was at least a *de facto* officer, and in this proceeding he will be treated as such. The same thing may be said of the three persons who appointed the bounty inspectors. However, under section 7, Article VII, of the Constitution, the power to appoint or delegate the appointing power is reserved to the people, acting through the legislature, in every instance, except in those enumerated in the Constitution. The appointment of these persons to select bounty inspectors could properly be delegated by the legislature, as they are not officers whose appointment is otherwise provided for in the Constitution itself.

Certain sections of the bounty law as found in the Political Code were amended by an Act of the Sixth Legislative Assembly, approved February 27, 1899. (Session Laws, 1899, p. 100.) In the Act of March 6, 1903, above, which also sought to amend some of the same sections, the amendments made in 1899 are ignored. However, this does not affect the questions presented in this instance.

2. Does the information state a public offense? Stripped of the merely legal and technical verbiage, the information charges, substantially, that Terrett, while acting as a bounty inspector in Rosebud county, made and delivered to one Sam Shaver a bounty certificate for 43 coyote, and 11 wolf skins, and in the certificate certified that on October 15, 1903, Shaver exhibited such skins to him and filed the necessary affidavits, and that he (Terrett) as such inspector examined and marked the skins as required by law; whereas, in truth and in fact, Shaver did not

exhibit such skins, or any of them, to Terrett, and did not make the necessary affidavits, or any affidavit; nor did Terrett examine or mark the skins, or any of them, and the statements in the certificate so falsely made were known by Terrett to be false. Do these facts, then, when set forth in an information in which it is charged that Terrett feloniously did falsely make, forge and counterfeit said certificate, state a public offense?

Section 3078 of the Political Code, above, provides that any person who shall falsely make, alter, forge or counterfeit a certificate, such as the one mentioned in this information, is guilty of forgery. It is urged with much force and with abundance of authorities that there is a very marked difference between falsely making a certificate and making a false certificate; and, as an abstract proposition, we agree with this, although there are authorities to the contrary. The telling of a lie does not necessarily constitute forgery, merely because the lie is reduced to writing. But we are of the opinion that this matter is to be determined upon a principle to which little, if any, attention was given on oral argument.

It is to be observed that Terrett is charged with having made this certificate while acting as a bounty inspector. In other words, he was merely the agent of the state, with limited authority. He could make this certificate only after the performance of certain precedent conditions, viz., the exhibition to him of the hides, the examination and marking of them by him, and the filing with him of the necessary affidavits. A certificate made without these precedent conditions having been fulfilled is falsely made. It purports to be, what it is not, a certificate duly issued according to law. This is the view taken by certain courts of this country in cases to all intents and purposes identical with the one at bar. (*Ex parte Hibbs,* 26 Fed. 421; *United States* v. *Hartman,* 65 Fed. 490; *Luttrell* v. *State,* 85 Tenn. 232, 4 Am. St. Rep. 760, 1 S. W. 886; *Commonwealth* v. *Wilson,* 89 Ky. 157, 25 Am. St. Rep. 528, 12 S. W. 264; *Moore* v. *Commonwealth,* 92 Ky. 630, 18 S. W. 833. See, also, *Biles* v. *Commonwealth,* 32 Pa. St. 529, 75 Am. Dec. 568.)

Numerous cases are cited by counsel for petitioner, apparently holding a view contrary to the one here announced. Some of them are directly in point and illustrate the conflict in the authorities. Others are upon statutes so different from our own as to be of no weight as precedents in this case; while in most, if not all, of them the particular principle relied upon in the cases cited above, and which we deem conclusive here, apparently was not considered.

The crime is not committed by making the false statements of fact in the certificate, and therefore this offense does not necessarily fall within section 294 of the Penal Code, but by making the certificate when the precedent conditions had not been fulfilled. The offense charged is purely statutory. It is not, therefore, necessary to allege in the information extrinsic facts to show wherein or whereby this certificate might apparently be of legal efficacy or the foundation of a legal liability. To falsely make one of these certificates is declared to be forgery.

We are of the opinion that the statutes under which this prosecution is being conducted are valid, and that the information states a public offense.

The writ of *habeas corpus* heretofore issued is quashed, and the petitioner remanded to the custody of the sheriff of Rosebud county.

Mr. Chief Justice Brantly concurs.

Mr. Justice Milburn: I dissent as to the matter of forgery. I think that, as said in the language of Mr. Justice Holloway in the majority opinion, one argues ''with abundance of authorities that there is a marked difference between falsely making a certificate and making a false certificate.'' The certificate alleged as all made by Terrett as inspector may upon the trial be shown to be entirely false in its statements; but, while one may call it a ''genuine lie,'' I do not believe it to be a forged document.

Rehearing denied October 22, 1906.