ALLEN B. BRISCOE

*v.*

CLARK COUNTY.

*Filed at Springfield June 12, 1880.*

| 95 | 309 |
| 133 | 510 |
| 95 | 309 |
| 38a | 50 |
| 95 | 309 |
| 143 | 330 |
| 95 | 309 |
| 161 | 222 |
| 95 | 309 |
| 65a | 286 |
| 95 | 309 |
| 195 | 1546 |
| e195 | 2547 |

1. COMPENSATION OF COUNTY OFFICERS—*clerk hire, etc.* — *power of county board to change them during a term of office—construction of the constitution.* The 10th section of article 10 of the constitution of 1870, after requiring the county board to fix the compensation of county officers, with the amount of their necessary clerk hire, stationery, fuel, and other expenses, provides " that the compensation of no officer shall be increased or diminished during his term of office." This is a limitation merely upon the power of the county board to change the salary of the county officer—the compensation for the personal discharge of official duty by him—during his term of office, and has no reference to the fixing of the amount to be allowed for necessary clerk hire, stationery, fuel, and other expenses, the allowances for such purposes being at all times under the control of the county board. The compensation or salary is to be fixed in advance, and can not be changed during the term of office. The expenses are to be determined from time to time by the *necessity* which the business of the office may develop.

2. FEES OF COUNTY OFFICERS—*paying surplus into county treasury—control of county board over that subject.* The county board has no authority to relieve a county officer from his duty to make regular reports of his receipts from the fees of his office, or from his duty to pay into the county treasury the excess of such receipts over his fixed salary, by any contract with the officer in respect to the expenses of the office. Such a contract, so far as it might assume to relieve the officer from such duties, would not be binding, though so far as it provided a different mode of defraying the expenses of the office from that intended by a previous order of the board, fixing the amount to be expended for such expenses, the contract would operate to do away with such previous order, and leave the matter of expenses to be adjusted upon a proper basis between the officer and the county board.

APPEAL from the Appellate Court for the Third District; the Hon. CHAUNCEY L. HIGBEE, presiding Justice, and Hon. O. L. DAVIS and Hon. LYMAN LACEY, Justices;—on appeal from the Circuit Court of Clark county, the Hon. O. L. DAVIS, Judge, presiding.

Messrs. ROBINSON, KNAPP & SHUTT, and Messrs. WILKIN & WILKIN, for the appellant.

Mr. E. CALLAHAN, for the appellee.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

Section 9 of article 10 of our present constitution relates to compensation of county officers in Cook county.

Section 10 says: "The county board, except as provided in section 9 of this article, shall fix the compensation of all county officers; with the amount of their necessary clerk hire, stationery, fuel, and other expenses, and in all cases where fees are provided for, said compensation shall be paid only out of, and shall in no instance exceed, the fees actually collected. * * * *Provided,* that the compensation of no officer shall be increased or diminished during his term of office. All fees or allowances by them received in excess of their said compensation shall be paid into the county treasury."

Briscoe became county clerk of Clark county on the first Monday in December, 1873. At the September term of the county board next before his term began, that board fixed the compensation of the county clerk at $1200, that of deputy at $600, and for fuel and stationery $200 per annum. Until the September term of the county board in 1875, he, as county clerk, made his semi-annual reports, showing the amount of fees collected, and showing his necessary expenses for clerk hire, stationery, fuel, etc.; the amount of these expenses exceeding every year the amount fixed therefor as above. These accounts were audited and allowed.

At that term he made a bargain with the board by which he agreed to furnish, at his own expense, certain record books, blanks and stationery, and to charge to the county no fees in criminal cases, in certain cases, and also to transact pension business free of charge, and in consideration of which the board agreed to excuse him from reporting the amount of fees

collected and allow him to retain the future earnings of the office, and to furnish fuel for the office.

Two years afterward, at the July term, 1877, the board, by resolution, repudiated the contract as invalid.

At the September term, 1877, he made some fruitless attempts to present and have audited certain bills for clerk hire, stationery and fuel, and also to present semi-annual reports of receipts and expenditures from 1875 to that time. All these the board refused to receive or consider. He thereupon brought an action against the county for that part of his current expenses for clerk hire, fuel and stationery which exceeded the residue of the fees collected during that time, after deducting therefrom the amount of his salary, at $1200 per annum.

The county pleaded the general issue and a plea of set-off, claiming the excess of the amount of fees actually collected, over the amount found by adding the clerk's salary ($1200 a year) to the amounts fixed for deputy clerk and fuel, etc., by the order of 1873 ($800 a year).

There is no dispute about the facts. The case turned upon the construction of the 10th section of article 10, above stated.

The circuit court held that the action of the county board in September, 1873, fixing the allowances to be made for clerk hire and fuel and stationery, could not be changed during appellant's term of office, and hence, no matter what might be the necessary expense of the office in that regard, the board could allow no more and the appellant could recover no more.

The Appellate Court adopted the same view. This, we think, is error. As we understand that clause, it is the salary of the county officer which the county board is to fix—the compensation for the personal discharge of official duty by him. It is that compensation which the board is forbidden to change during the term of office.

By the constitution the county board is to fix the compensation which each county officer is to receive, *with* (in addition to

or besides) " the amount of their *necessary* * * * expenses."
The compensation or salary was to be fixed in advance. The
expenses were to be determined by the *necessity* which the
business of the office should develop. We have already
decided, where the board had fixed an amount in advance as
that to be allowed for these expenses, that the officer can not
claim that amount unless expenses to that amount were
actually incurred.

The contract of September, 1875, was a vicious contract, so
plainly against the policy of the constitution that it was not
binding as a contract, and was invalid in so far as it under-
took to relieve appellant from his duty to make regular
reports of his receipts, and from his duty to pay into the
county treasury the excess of such receipts over his fixed
salary,—but it was effective in doing away with the work of
the county board in 1873, in so far as that action undertook
the extra-constitutional work of fixing in advance the amount
to be allowed for necessary expenses. It follows, that the
accounts of this officer with the county should be adjusted, by
charging him with all the fees actually collected and credit-
ing him with his salary, ($1200 a year,) and also with all
moneys actually paid out by him as expenses for necessary
fuel, stationery and clerk hire.

The judgment of the Appellate Court must be reversed, and
the cause remanded for proceedings in conformity with the
views here expressed.

*Judgment reversed.*

SCHOLFIELD, J., did not participate in the consideration of
this case.