# People, etc., for the use of Lawrence County, v. Francis M. Adams, John A. Meskimem, E. M. Sprinkell and Charles J. Borden.

1. SALARIES—*Officers—Construction of the Term.*—The word salary, as used in an order of the county board fixing the compensation of a county clerk, means his compensation for his personal services as an official, and does not prevent the board from afterward making allowances for "extra clerk hire " actually paid out by such clerk.

2. OFFICERS—*Power of County Boards to fix Compensation.*—Where the county board fixes the compensation of a county officer, including stationery, fuel and clerk hire, as required by law, such action is under the constitution a finality, and the same can in no way be increased during the term of the officer; but where the board simply fixes the salary, a different rule prevails.

3. COUNTIES—*Suits to Recover Back Money Paid to Officers.*—Where a county, after fixing the salary of a county clerk, allowed him for extra clerk hire upon his semi-annual reports, during his term of office, and then sued to recover the same back, *it was held* that the rule that parties will be held to the interpretation of a contract which they have placed upon it, and their acts may be shown to show such interpretation, applied, and no recovery could be had.

Debt, on an official bond. Appeal from the Circuit Court of Lawrence County; the Hon. EDMUND D. YOUNGBLOOD, Judge, presiding. Heard in this court at the February term, 1896. Affirmed. Opinion filed June 18, 1896.

JOHN E. McGAUGHEY, State's Attorney, and P. G. BRAD-BURY, attorneys for appellant.

C. J. BORDEN, attorney for appellee.

MR. JUSTICE SAMPLE DELIVERED THE OPINION OF THE COURT.

This suit was brought by the appellant on the official bond of appellee, as county clerk of Lawrence county, to recover the sum of $985.10, which it is alleged was unlawfully paid to him for " extra clerk hire " by the board of supervisors during the term of his office which began in

December, 1886, and ended December, 1890. The trial was had before the court on an agreed statement of facts; that at the September meeting, 1886, the county board of Lawrence county made and entered of record the following order, to wit:

On motion, the salaries of the following county officers for the ensuing terms, commencing December 6, 1886, be and the same are hereby fixed as follows, to wit: County judge at the sum of six hundred dollars ($600); county clerk at the sum of fifteen hundred dollars ($1,500); sheriff at the sum of thirteen hundred dollars ($1,300); treasurer at the sum of nine hundred dollars ($900). And the said county officers shall not be allowed any additional compensation for deputy or clerk hire; that on December 6, 1886, appellee gave bond and entered upon the duties of his office and continued therein until December 1, 1890, and during said term made all the semi-annual reports required by law, in which he properly accounted for all moneys received and paid out, taking credit in each semi-annual report for one-half his salary, $750, and also for a further sum called extra clerk hire, which for the full term aggregated $985.10, which was actually paid out for extra clerk hire; all of which reports containing credit for such clerk hire were audited and approved by the county board; that in 1890 an expert, in connection with a member of the board, examined appellee's books and made a written report of their condition and appellee settled with the board in accordance therewith; that at the expiration of his term of office the amount found due and owing the county was $663.62, which appellee paid to the county treasurer, in pursuance of an order of the board; that the population of the county does not exceed 20,000.

The court found for defendant.

The appellant's contention is that the order of the board in September, 1886, fixed the *compensation*, which, as claimed, included clerk hire, and therefore the allowance for clerk hire thereafter was utterly void, and the cases of Kilgore v. The People, 76 Ill. 552, and Jennings v. Fayette County,

97 Ill. 422, are cited in support of this position. The appellee seems to rely entirely on The People v. Foster et al., 133 Ill. 508, claiming that it holds that when a settlement is fairly made between the board and an officer of a matter of which the board has jurisdiction, that it is final.

The question of jurisdiction or authority to allow the $985.10, is the very question here sharply in issue. That case holds on p. 511: "The county board is expressly prohibited from increasing the compensation of the officer in any way during his term, and if they should do so, the act will be unauthorized and absolutely void." Then follows: "Here, however, that was not attempted to be done. Whatever they paid him was a part of his compensation previously fixed as provided by law, and for expenses of his office allowed by the board." So that it will be observed, a different question is here presented from that in the Foster case.

Section 10, Art. 10 of the Constitution, provides that "the county board shall fix the compensation of all county officers, with their necessary clerk hire, stationery, fuel and other expenses, and in all cases where fees are provided for, such compensation shall be paid only out of, and shall in no instance exceed, the fees actually collected."

In the Kilgore case, the court held: "The board is required to fix the compensation, the whole compensation, including stationery, fuel and clerk hire;" and that it is error to assume the law requires "the county board to fix a specific sum for salary and a specific sum for the expenses of the office. Section 10 of article 10 above cited, says not a word about 'salary;' it does not contain that word." If the order of the board fixed the "compensation" of appellee, "including stationery, fuel and clerk hire;" as provided by law, then by said section 10 as well as by the repeated decisions of our Supreme Court, that is finality, and as said in the Foster case, it can not, "in any way during his term," be increased, and any attempt to do so would be absolutely void.

The order, however, shows that the board simply fixed

the "salary" of appellee, which, by Bouvier, is defined to mean "a reward or recompense for services performed. It is usually applied to the reward paid to a public officer for the performance of his official duties." As said in Marion County v. Lear, 108 Ill., p. 350, "The word salary, as used in the statute, clearly applies to the personal compensation provided to be paid to the sheriff for his own services." Briscoe v. Clark County, 95 Ill., p. 311. The order does not purport to include "necessary clerk hire, stationery, fuel and other expenses," as provided for in Sec. 10, *supra*. True, it makes a declaration that the "officer shall not be allowed any additional compensation for deputy or clerk hire," but as a mere declaration, it could not be binding for the entire official term of appellee. That is, if such expenses are not included in the compensation fixed, then any subsequent board might make the allowance, increase or decrease them, as might be deemed proper. At best, it is doubtful if such declaration can be considered as a part of the fixing of the compensation. The language used is not equivalent to that used in the Kilgore case. There the "compensation," not "salary," was fixed at $700 per annum," provided that the treasurer furnish his own fuel, stationery and clerk hire, "which, as they held, made the compensation include fuel, stationery and clerk hire; but that, it will be observed, was for the reason it was so expressed in the order of the county board." Wheelock v. The People 84 Ill. 555. The record in this case is silent as to whether appellee or the county paid for the fuel, stationery and other expenses of the office, but in view of the language of the order in the use of the word "salary" and in its omission to name or provide for these items specifically, and especially in view of the practice of the board, thus placing its own interpretation on the order, it is fair to assume that the county paid these expenses. The county, without question, for four years, with the attention of the board repeatedly called to the fact, paid the extra clerk hire. This was due from the time of the first semi-annual report. Those payments were not questioned when the expert made his exam-

ination and report nor at the final settlement, at the close of appellee's term of office, nor until nearly four years thereafter. The order at best is ambiguous. Who could say it was intended to cover and include necessary clerk hire, stationery, fuel and other expenses? If the ordinary, as well as legal meaning is given to the word " salary " as used in this order, the intent would seem to have been to fix the amount to be allowed appellee for his personal services, as an official.

This view, as suggested, is strengthened by the interpretation placed upon the order by the parties interested from the beginning of their official relation. A reasonable interpretation should be given to the order; Wheelock et al. v. The People, etc., 84 Ill. 555. And as suggested in case just cited, one will not be given that would make the office a burden, rather than employment of reasonable profit. If this appellee had to pay all the clerk hire, stationery, fuel and other expenses of such an office, which, as is well known, is very considerable, even in a small county, there would be but little left for compensation. But it is familiar law that parties will be held to the interpretation of a contract which they have placed upon it, and their acts may be shown to determine such interpretation. Parmlee v. Hambleton, 24 Ill. 605; Leavers v. Cleary, 75 Ill. 349; Garrison v. Nute, 87 Ill. 215; County of Clinton v. Ramsey, 20 Ill. App. 557. And no extrinsic aid can be more valuable. Storey v. Storey, 125 Ill. 608. We see no reason why this rule should not be applied in this case. There is no claim of fraud or over-reaching by the appellee. In fact, appellant expressly disavows such practice on the part of appellee. The necessary clerk hire, fuel, stationery, and other expenses, not having been fixed by the order of the board, as shown by its language, and the interpretation continuously placed upon it, the board had a legal right to make those allowances, and thereafter to change them, after being fixed. Cullom v. Dalloff, 94 Ill. 330; Briscoe v. Clark County, 95 Ill. 309. It is suggested by appellant's counsel, that such an interpretation would enable the board to ignore the law, and pay out to an officer any sum desired; but this

is not a correct view, for the reason, that whether the order fixing the compensation includes the clerk hire, fuel, etc., or such expenses are fixed separately, "in either case the allowance can only be paid out of fees actually collected." Jennings v. Fayette County, 97 Ill., 423. True, if the board assumes to pass on that question, and pays out money, it is deemed a voluntary payment which can not be recovered back, as held in the Foster case, *supra;* yet this restriction of the law safeguards the public interest, so that the evil suggested by counsel is not likely to occur. The judgment for costs having been corrected, the judgment is affirmed.