Decided 7 April, 1902.

## HOWARD *v.* CLATSOP COUNTY.

[68 Pac. 425.]

FEES—DISTRICT ATTORNEY—DIVORCE—STATUTES.

Since the act of 1899, placing distrcit attorneys on a salary and cutting off all fees and compensation except their salaries (which does not apply to Multnomah County), the district attorney fee in divorce cases required by Section 1074 of Hill's Ann. Laws, need not be paid, as the later act (Laws, 1899, pp. 184, 185, § 3), repeals section 1074 by implication in its application to all counties except Multnomah.

From Clatsop: THOMAS A. McBRIDE, Judge.

Action by Sam Howard against Clatsop County, resulting in a judgment for defendant on a demurrer to the complaint.

REVERSED.

For appellant there was a brief and an oral argument by *Mr. Claude Strahan* and *Mr. Waldemar Seton.*

For respondent there was a brief and an oral argument by *Mr. Harrison Allen*, District Attorney.

Mr. Justice Wolverton delivered the opinion.

The plaintiff was required, as a condition to the commencement of a suit for divorce, to pay to the clerk of Clatsop County a fee of $10. This sum he now seeks to recover as an unlawful exaction, and the single question presented is whether the district attorney or the county is now entitled to such fee. Under Section 1074, Hill's Ann. Laws, the plaintiff in every divorce suit is required to deposit $10 with the clerk of the court in which the suit is instituted, which must be paid to the district attorney as his fee in such suit, when allowed by the court. This fee, as determined in *State ex rel.* v. *Moore,* 37 Or. 536 (62 Pac. 26), is to be collected by the clerk from private parties for services rendered by the district attorney, and as a part of his compensation. In 1898 an act was passed to regulate and fix the compensation of the district attorney in the Fourth Judicial District, wherein he was allowed $3,500 per annum, in addition to the yearly salary of $500, in full compensation for services rendered by him: Laws 1898, p. 7. It was also provided (section 2) that he should receive no other salary, fees, percentages, or compensation of any kind, and by section 8 that the fees, percentages, commissions, and charges now established by law, or in any manner allowed, for the performance of any act or duty by or required of the district attorney (except for services rendered for or on behalf of the state or Multnomah County, for which no charge shall be made), shall continue and remain the established fees, percentages, etc., for such an act or duty, which are required to be collected and paid over to the county treasurer. Under this act it was held (*State ex rel.* v. *Moore,* 37 Or. 536, 62 Pac. 26), that a party instituting a suit in Multnomah County for divorce was still required to pay the fee of $10, as a condition to filing a complaint, but for the use of the county. The act is local in its operation, and applies to Multnomah County only, as it composes the Fourth Judicial District. In 1899 the legislature passed a general act (Laws, 1899, p. 184,) amendatory of sections 2301 and 2304, Hill's Ann. Laws, extending the term of office of the district attorneys, in the sev-

eral judicial districts, from two to four years, and fixing their salaries. By section 3 it is provided that no salary, fees, percentages, or compensation of any kind shall be allowed or received by them, except as therein provided, and section 5 repeals all acts, or parts of acts, in conflict therewith. The act contains no clause or provision corresponding to section 8 in the act of 1898, continuing in force the established fees, percentages, commissions, and charges for the acts or duties of the district attorney, and this is wherein the two acts differ, and distinguishes this case from *State ex rel.* v. *Moore.* The $10 fee required to be collected from a private party, under section 1074, being one to which the district attorney was entitled, as a perquisite for a duty performed by him, the act of 1899 putting him upon a salary, and expressly denying to him any further salary, fees, etc., must be held to supersede, and thereby to repeal, section 1074 as to such fee in judicial districts other than the Fourth, as the two provisions are utterly inconsistent, one with the other, and both cannot stand. Plaintiff is entitled, therefore, upon the face of his complaint, to recover from the county, and the demurrer should have been overruled. The judgment of the trial court will therefore be reversed, and the cause remanded with directions to overrule the demurrer; and it is so ordered. REVERSED.

Decided 30 June, 1902; rehearing denied.