Argued December 9, 1926, affirmed January 4, 1927.

## MARGARET B. WRIGHT v. JOSEPH W. BEVERIDGE, COUNTY CLERK.

### (251 Pac. 895.)

**Constitutional Law—Every Reasonable Presumption is in Favor of Validity of Statute.**

1. In considering constitutionality of statute, every reasonable presumption is in favor of validity.

**Constitutional Law—To Hold Statute Invalid, There must be Clear Conflict Between Enactment and Constitution.**

2. In order to hold statute invalid, there must be plain, palpable, and clear conflict between enactment and Constitution.

**Divorce—Divorce Suit is, in Effect, Suit Against State, Since It is Prima Facie Prejudicial to Public Good.**

3. Since divorce is *prima facie* prejudicial to public good, state is party defendant in every divorce suit, and divorce suit is therefore, in effect, suit against state.

**Constitutional Law—Statute Requiring Fee from Divorce Applicant for District Attorney's Appearance Held not Unconstitutional as Class Legislation (Gen. Laws 1925, p. 241; Const., Art. I, § 20).**

4. Laws of 1925, page 241, requiring divorce applicant to pay fee of $5 to cover appearance of district attorney in such suit *held* not unconstitutional under Constitution, Article I, Section 20 prohibiting class legislation, since state has right to place divorce litigants in special class because state is a party.

1. See 6 R. C. L. 97.
2. See 6 R. C. L. 99.
3. See 9 R. C. L. 245, 250.

**Eminent Domain—Statute Requiring Fee from Divorce Applicant for District Attorney's Appearance Held not Unconstitutional as Taking Private Property for Private Use (Laws 1925, p. 241; Const., Art. I, § 18.)**

5. Laws of 1925, page 241, requiring divorce applicant to pay fee of $5 to cover appearance of district attorney in such suit, which fees are used to pay salaries of various district attorneys, *held* not unconstitutional under Constitution, Article I, Section 18, prohibiting taking of private property for private use.

**Divorce—Sum Required of Divorce Applicants to Cover District Attorney's Appearance, Under Statute, Held to be a "Fee" and not a Tax (Laws 1925, p. 241; Or. L., § 1111).**

6. Since parties to judicial proceedings are required to contribute toward expenses of maintaining courts, or expenses in particular action, sum of $5 required of divorce applicants to cover district attorney's appearance, under Laws of 1925, page 241, is purely a "fee," and not a tax, in view of Section 1111, Or. L.

**Divorce—State, Being Party in Divorce Litigation, can Prescribe Conditions on Which Divorce Proceedings may be Commenced (Or. L., § 1020).**

7. Since state is party defendant in divorce litigation and public policy forbids that state be made defendant without its consent, state has absolute right to prescribe terms and conditions on which divorce proceeding may be commenced, in view of Section 1020, Or. L.

**Divorce—State, Having Right to Prescribe Conditions Before Commencing Divorce, may Require Fee to Cover Appearance of District Attorney (Laws 1925, p. 241).**

8. Since state has absolute right to prescribe terms and conditions on which divorce may be obtained, legislature could provide, under Laws of 1925, page 241, that divorce applicant pay fee of $5 to cover appearance of district attorney.

**Divorce—Validity of Statute Requiring Fee from Divorce Applicants to Cover District Attorney's Appearance Held not Affected by Provisions That Fee be Used to Pay District Attorneys' Salaries (Laws 1925, p. 241).**

9. In Laws of 1925, page 241, requiring fee of divorce applicants to cover district attorney's appearance in suit, provision that fee shall be forwarded to treasurer, to be used to pay portion of various district attorneys' salaries, *held* not to affect validity of statute.

**District Attorney and Prosecuting Attorneys—Statute Requiring Fee from Divorce Applicants, to Cover District Attorney's Appearance, Held not to Impose Special Tax and Unequal Burden (Laws 1925, p. 241).**

10. Laws of 1925, page 241, requiring divorce applicant to pay fee of $5 to cover appearance of district attorney in suit, *held* not to impose special tax and unequal burden, since legislature may exact from persons especially benefited by performance of official services a reasonable compensation therefor.

Divorce—Fee Required of Divorce Applicants to Cover District Attorney's Appearance, Under Statute Held to be "Court Cost" to be Taxed in Favor of Successful Divorce Applicant (Or. L., § 1111; Laws 1925, p. 241).

11. Fee of $5 required of divorce applicant to cover district attorney's appearance, under Laws of 1925, page 241, *held* to be "court cost" which is taxed as disbursement in favor of successful divorce applicant, in view of Section 1111, Or. L.

Constitutional Law, 12 C. J., p. 746, n. 5, p. 794, n. 23, p. 797, n. 35, 37, p. 1140, n. 42 New.

Costs, 15 C. J., p. 20, n. 15.

Divorce, 19 C. J., p. 19, n. 47, 48, 49, 50, 51, 52, 52 New, p. 20; n. 57 New, 69, p. 198, n. 81.

From Multnomah: ROBERT TUCKER, Judge.

Department 2.

This is a proceeding in *mandamus* to require the county clerk of Multnomah County to file a complaint for divorce upon the payment of a filing fee of $12, without the payment of the $5.00 district attorney's fee required by Chapter 162, General Laws of Oregon 1925, pages 241–243.

The petition for an alternative writ of *mandamus* set forth in detail the facts. An order was issued requiring the county clerk to show cause why he should not file the divorce complaint without the payment of the district attorney fee. The defendant demurred to the alternative writ. The court sustained the demurrer. Plaintiff refused to plead further and the court dismissed the proceeding. Plaintiff appeals.

AFFIRMED.

For appellant there was a brief and oral argument by Mr. *Oliver M. Hickey.*

For respondent there was a brief and oral arguments by Mr. *Stanley Myers,* District Attorney, and Mr. *George Mowry,* Deputy District Attorney.

BEAN, J.—The vital question raised herein is whether that portion of Chapter 162, General Laws of Oregon 1925, requiring the plaintiff to pay a fee of $5 to "cover the appearance" of the district attorney in such suit is valid. Plaintiff contends that that portion of the act of 1925, requiring the payment of such fee, is unconstitutional and provides for taking private property for "private" use, in violation of Article I, Section 18, of the Constitution of Oregon, and imposes a special burden on plaintiffs in divorce suits, not required of other litigants, and therefore repugnant to Article I, Section 20 of the Constitution. That portion of the legislative act under consideration reads as follows:

"There shall be collected by the county clerk of each county at the time of the filing of each divorce action or proceeding for having a marriage declared void, in the circuit court for such county, in addition to all other fees collected, a fee of $5.00 'to cover the appearance' of the district attorney in such action, and the said county clerk shall, on the first working day of each month forward all moneys collected for such additional fees during the preceding month to the state treasurer with a detailed statement showing the purposes for which such fees are paid, which shall be placed to the credit of the general fund of the state of Oregon; provided, that all moneys so collected and paid to the state treasurer shall be considered and constitute a continuing appropriation for the purpose of paying a portion of the monthly salaries of the various district attorneys of the state of Oregon, as provided in this act. The secretary of state shall keep a separate account of all such moneys collected under the provisions of this act and shall issue warrants on such account in payment of the monthly salaries of the various district attorneys to the extent that there are sufficient funds in the special account herein created to pay the total monthly salary

of one or more district attorneys. When the funds in such special account shall be reduced to such an extent as not to be sufficient to pay at least one district attorney's monthly salary, then in that event the balance of the monthly salaries of the district attorneys shall be paid from the regular biennial appropriation for the payment of salaries of district attorneys.''

1, 2. In the consideration of this question we start with the proposition that every reasonable presumption is in favor of the validity of the statute. The legislature can enact any law not repugnant to the organic law of the land: *State* v. *Hecker,* 109 Or. 520 (221 Pac. 808). In order to hold a statute invalid there must be a plain, palpable and clear conflict between the enactment and the Constitution. These are fundamental principles.

3. Divorce is *prima facie* prejudicial to the public good. The state is therefore a party defendant in every divorce suit, and hence every divorce suit is in effect a suit against the state: *Hawley* v. *Hawley,* 101 Or. 649, 653 (199 Pac. 589).

The statute in question is in complete harmony with the long-established policy in the United States, expressed as follows in 19 C. J., p. 19:

''A divorce cannot be had except in that court upon which the state has conferred jurisdiction, and then only for those causes and with those formalities which the state has by statute prescribed. The married status of parties, being a matter of public interest, and controlled by the sovereign will for the benefit of the community at large, cannot be dissolved by the mere act or consent of the parties. The state is an implied party to all suits for divorces. * * ''

See, also, *Pennoyer* v. *Neff*, 95 U. S. 714, 734 (24 L. Ed. 565; 26 Am. & Eng. Ency. of Law (2 ed.), 487;

*Bridges* v. *Multnomah County,* 92 Or. 214, 221 (180 Pac. 505); *Rapp* v. *Multnomah County,* 77 Or. 607, 610 (152 Pac. 243); 9 R. C. L. 245, § 5; 9 R. C. L. 250, § 9.

4, 5. The state has a right to place divorce litigants in a special class for the reason that in the other ordinary forms of civil litigation the state is not a party, nor are the services of the district attorney required, as in divorce cases. The statute therefore does not violate any of the constitutional provisions that prohibit class legislation: *State ex rel.* v. *Dunbar,* 53 Or. 45, 50 (98 Pac. 878, 20 L. R. A. (N. S.) 1015). The statute affects all persons of a certain class alike. The classification is reasonable. The necessity therefor is apparent and the reasons cogent.

6. Parties to a judicial proceeding are required to contribute toward the expense of maintaining courts of justice, or a particular action, suit or proceeding therein, by the payment of certain sums of money, which are denominated fees. The sum of $5 which the statute in question requires each divorce applicant to pay is purely a fee, and is in no sense a tax: Section 1111, Or. L.; *State ex rel.* v. *Dunbar,* 53 Or. 45, 49, 50 (98 Pac. 878, 20 L. R. A. (N. S.) 1015).

The statute here in question is by no means new or unfamiliar legislation in this state. A similar statute was previously in existence for many years, as shown by Hill's Code, §§ 1073, 1074, and Bellinger & Cotton's Code, §§ 1097, 1098. Bellinger & Cotton's Code provides, in Section 1098, that:

"Plaintiff in Divorce Suit must deposit Ten Dollars before complaint filed. * * It is hereby made the duty of the plaintiff in every divorce suit to deposit with the clerk of the court in which the suit is instituted, before the complaint is filed, the sum of ten dollars, which sum shall be paid to the district attor-

ney by the clerk as his fee in such suit, when his fee therein is allowed by the court as aforesaid; and if the plaintiff prevail in such suit, he or she shall be allowed such sum of ten dollars as a disbursement against the defendant.''

This statute was finally repealed by Chapter 202, Laws of 1907, page 362.

In the case of *State ex rel.* v. *Moore,* 37 Or. 536, 540 (62 Pac. 26), it was strongly urged by the appellant that this statute, which was known then as Section 1074, Hill's Code, had been impliedly repealed. The Supreme Court, however, held to the contrary and in rendering the opinion in that proceeding, which, by the way, was a *mandamus* proceeding, the same as this, Mr. Chief Justice R. S. BEAN said:

''The fee required by section 1074 to be paid to the clerk by the plaintiff in a divorce suit is a mere deposit for the district attorney, and not for his own use or that of the county. Under the law as it stood prior to the act of 1898, placing the district attorney upon a salary, he was entitled to such fee as compensation for his services. Since that act the fee still remains, and the district attorney is required to collect it as before but, he must pay it over to the county treasurer for the use and benefit of the county. So we conclude that neither the act of 1895 nor that of 1899 operated to repeal the provisions of § 1074 of the statute, requiring the plaintiff in a divorce proceeding to deposit with the county clerk $10 as a district attorney fee.''

So in the case of *Howard* v. *Clatsop County,* 41 Or. 149, 150 (68 Pac. 425), it was held by Mr. Justice WOLVERTON that while Section 1074, Hill's Code, had by later legislation been repealed elsewhere in the state, it nevertheless was still in effect in Multnomah County. In our opinion the fact that this former statute, which was so much like the one now under con-

sideration, was in force in this state for many years and was strongly attacked at least twice on other grounds, but never on constitutional grounds, is itself quite persuasive argument in favor of the constitutionality of the present statute.

Passing now, however, to a consideration of the constitutional question on its merits, we think that the statute now under discussion, namely, Chapter 162, Laws of 1925, is in all respects constitutional and valid.

The State of Oregon has a vital interest in keeping a husband and wife together, if possible, for the sake of their offspring and for the general welfare of society. With this end in view the legislature enacted Section 1020, Or. L.

7. Since the state is a party defendant in every divorce suit it follows that every divorce suit is in effect a suit against the state. "Public policy," as was said by Mr. Justice BURNETT in the case of *Rapp* v. *Multnomah County,* 77 Or. 607–610 (150 Pac. 243) "forbids that the state shall be made a defendant in litigation without its consent"; and from that it necessarily follows that "if the state consents to abrogate this prerogative of sovereignty it may prescribe the terms and conditions upon which it may be sued." 26 Am. & Eng. Ency. of Law (2 ed.), p. 487; *Bridges* v. *Multnomah County,* 92 Or. 214–221 (180 Pac. 505). Hence, as was pointed out by Mr. Justice FIELD in *Pennoyer* v. *Neff,* 95 U. S. 714–734 (24 L. Ed. 565), the state has an absolute right to prescribe the terms and conditions on which a divorce proceeding may be commenced.

As stated in 9 R. C. L., page 245, Section 5, "in this country it is the province of the legislatures of the several states to regulate the subject of di-

vorce * *, and the power of the legislature over the subject of marriage as a civil status and its dissolution is unlimited and supreme except as restricted by the constitution.''

A statute repealing all divorce laws has been held constitutional: 9 R. C. L., § 9.

8. The State of Oregon having as it does the undoubted power to prescribe the terms and conditions upon which divorces may be obtained, was simply exercising that inherent and self-evident power when it said to each divorce applicant as it did by the enactment of the 1925 statute now in question, ''In order for you to be permitted to sue for a divorce you must pay a fee of $5 to cover the appearance of the district attorney, whose duty it is to 'prevent fraud and collusion.' ''

9. The validity of the statute is not affected by the fact that it provides that the $5 fee paid by divorce applicants shall be forwarded to the state treasurer and used for the purpose of paying a portion of the monthly salaries of the various district attorneys. ''We conceive,'' it was said by Mr. Chief Justice WATSON in the case of *City of Portland* v. *Besser et al.,* 10 Or. 242, 249, ''that the compensation of all public officers, whether provided for in the form of fees or salaries, is subject to legislative control—except in instances where the power has been withheld by the fundamental law—and that insufficiency or inequality in the legislative provision for such compensation, is no ground for holding it invalid.''

10. Neither is there any merit in the plaintiff's claim that the statute in question imposes a special tax and unequal burden, for as was said by this court in the case of *State ex rel.* v. *Dunbar,* 53 Or. 45, 49, 50 (98 Pac. 878, 20 L. R. A. (N. S.) 1015):

"In cases in which the manner of compensating officers has been changed from fees to a salary, it has been held that the collection for the use and benefit of the state under legislative authority of the fees theretofore provided as a compensation to the officer is not objectionable as being a special tax, but that it is competent for the legislature, if it sees proper, to exact from persons especially benefited by the performance of an official service a reasonable compensation therefor, to be paid into the public treasury to reimburse the public for the expense incurred in providing for and maintaining such office. *Conner* v. *Mayer,* 2 Sandf. (N. Y.) 255; *State ex rel. Attorney-General* v. *The Judges,* 21 Ohio St. 1."

11. The district attorney's fee of $5 prescribed by the statute is simply a court cost and like any other court cost will be taxed as a disbursement in favor of the successful divorce applicant. This statute, after all, is but another expression of that rule of public policy which has existed in the State of Oregon ever since it became a state, and which is set forth as follows, in Section 1111, Or. L.:

"Parties to a judicial proceeding are required to contribute towards the expense of maintaining courts of justice, or a particular action, suit, or proceeding therein, by the payment of certain sums of money, as provided in this chapter, which are denominated trial and district attorney fees."

We conclude that the statute in question contains a valid requirement for the payment of a $5 fee as compensation for the appearance of the district attorney in a divorce suit.

It follows that the judgment of the Circuit Court is affirmed.        AFFIRMED.

McBRIDE, BROWN and BELT, JJ., concur.